UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

FREDMUN WAYNE REYNOLDS,

        Petitioner,                                  Case No. 1:16-cv-1303

v.                                                       Honorable Janet T. Neff

BONITA HOFFNER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I. <u>Factual Allegations</u>

Petitioner Fredmun Wayne Reynolds is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He is in the custody of the Michigan Department of Corrections for life, without parole, because of his November 4, 2011 jury conviction for first-degree murder, MICH. COMP. LAWS § 750.316. The Michigan Court of Appeals summarized the evidence from Petitioner's trial as follows:

> The victim, defendant's wife, was stabbed to death and had multiple abrasions on her body that were consistent with defensive wounds. Neighbors testified that they heard a loud female shriek and a stumbling noise coming from the direction of the victim's apartment. When they opened the door, they found the victim lying on the ground, attempting to stand, and struggling to breathe. When asked what happened, the victim stated "[k]nife, Fred, can't breathe." Defendant came out of the victim's apartment and yelled "[W]here's she at?" While the neighbors called 911, the victim stopped breathing and died.
>
> While defendant admitted that he and the victim fought, he claimed that he was extremely intoxicated and that the victim had been choking him. He did not remember stabbing the victim, but admitted that he had a knife in his hand and could be responsible for the victim's wounds. Four police officers testified that defendant had no wounds on his neck and face region. As for intoxication, one of the neighbors and three police officers testified that defendant displayed no signs of intoxication.

*People v. Reynolds*, No. 308323, 2013 WL 238660 *1 (Mich. Ct. App. Jan. 22, 2013). Petitioner testified that he was incapacitated by intoxication on the night of the murder and that he acted in self-defense. *Id.* at *2. The jury, apparently, concluded that Petitioner was not credible and convicted Petitioner of first-degree murder.

Petitioner, with the assistance of counsel, directly appealed his conviction, raising only one issue:

I. Verdict of guilty based upon insufficient evidence constituted a denial of due process.

(Pet., ECF No. 1, PageID.2.)  The court of appeals affirmed Petitioner's conviction in a four-page unpublished opinion issued on January 22, 2013.  Petitioner applied for leave to appeal in the Michigan Supreme Court raising the same sufficiency-of-the-evidence issue.  The supreme court "was not persuaded that the question presented should be reviewed" and denied leave on June 25, 2013.  *People v. Reynolds*, 828 N.W.2d 208 (Mich. 2013).  Petitioner did not file a petition for certiorari in the United States Supreme Court.  (Pet., ECF No. 1, PageID.3.)

On June 24, 2014, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court, raising the following issues:

> I. The charges against Mr. Reynolds must be dismissed with prejudice because the trial court lost jurisdiction to try him, pursuant to the 180-day rule, MCL 780.131 and MCL 780.133.
>
> II. Mr. Reynolds is entitled to a reversal of his convictions, where both the prosecutor and the trial court committed an unwarranted attack on his presumption of innocence, in violation of his state and federal constitutional rights to trial by impartial jury and due process, by repeatedly referring to the decedent throughout trial as a "victim."
>
> III. The prosecutor's use of Mr. Reynolds' pre-arrest and post-arrest silence as substantive evidence of guilt violates his constitutionally protected privilege against self-incrimination and his due process right to a fair trial.
>
> IV. The examining magistrate abused his discretion in binding him over to circuit court for trial on that charge, in spite of the fact that there was no evidence presented at the preliminary examination from which an inference of premeditation and deliberation in the killing could be drawn.
>
> V. The trial court reversibly erred by questioning witnesses in a manner prejudicial to Mr. Reynolds, as the questioning gave the jury the impression that the court was aligned with the prosecution, rather than being neutral and detached.
>
> VI. Mr. Reynolds' trial counsel deprived him of his constitutional right to the effective assistance of counsel at trial.

    VII.    The prosecution deprived Mr. Reynolds of his constitutional right to a fair and impartial trial by arguing facts not introduced into evidence.

    VIII.    Mr. Reynolds meets the cause and prejudice standard set forth in 6.508(d) in each of the above arguments, by showing constitutionally ineffective assistance of both trial and appellate counsel, in violation of the sixth amendment right to effective assistance of counsel, and fourteenth amendment due process rights clause.

(*Id.*)  The Ingham County Circuit Court denied Petitioner's motion on July 3, 2014.  (*Id.*)

Petitioner filed a delayed application for leave to appeal the denial of his motion in the Michigan Court of Appeals.  The court of appeals denied leave to appeal on March 12, 2015.  Petitioner sought reconsideration, but was denied that relief on May 12, 2015.  Petitioner then sought leave to appeal in the Michigan Supreme Court.  The Supreme Court denied leave on March 29, 2016.

Petitioner filed his application for habeas corpus relief in this Court on or about November 2, 2016.[1]

    II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Section 2244(d)(1) provides:

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated and signed his application on November 2, 2016, and it was received by the Court on November 7, 2016.  Thus, it must have been handed to prison officials for mailing at some time between those dates.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 25, 2013. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner

could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 23, 2013. Petitioner had one year from September 23, 2013, until September 23, 2014, to file his habeas application.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Petitioner filed his motion for relief from judgment on June 24, 2014, tolling the statute of limitations with 91 days remaining. The statute remained tolled until March 29, 2016, when the Michigan Supreme Court denied leave to appeal. *Id.* The remaining 91 days expired on June 28, 2016, 127 days before Petitioner filed his present habeas application on November 2, 2016. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir.

2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling,

a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner suggests that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: November 21, 2016                                    /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).